The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mary Moore Hoag, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner William C. Bost.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. All parties are subject to and bound by the North Carolina Workers Compensation Act.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. An employer-employee relationship existed between the plainiff/employee and the defendant/employer.
5. Plaintiff suffered an injury on 31 October 1997.
6. Plaintiffs average weekly wage was $566.70.
 ***********
Based upon all of the competent evidence of record, the Full Commission adopts the findings of fact of the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 31 October 1997, plaintiff worked as a truck driver for Defendant Brown Moulding Company, Inc., when he was involved in a motor vehicle accident involving four vehicles. He was rear-ended while driving a truck for his employer, and then he, in turn, rear-ended the driver in front of him.
2. Plaintiff first sought medical treatment on 10 December 1997 for right shoulder pain and chest pain. He was released to return to work without restriction. Plaintiff missed no time from work in conjunction with this injury.
3. In mid to late October 1998, nearly one year after his motor vehicle accident, plaintiff sought medical treatment through Uwharrie Family Health Care, P.A. with his family physician, Dr. Deborah S. McRoberts. Plaintiffs chief complaints were numbness in his left hand and burning pain across the back of his neck and occasional numbness in his left arm and shoulder.
4. On 15 October 1998, Dr. McRoberts released plaintiff to return to work for the next three months on light duty with no lifting, bending or straining. Plaintiff applied for and was granted leave under the Family Medical Leave Act (FMLA) until 26 January 1999. Plaintiff collected disability benefits from October through December 1998.
5. Plaintiff did not return to work in January 1999. He began collecting unemployment benefits of $320.00 weekly for the period 18 January 1999 through 18 June 1999. On 15 January 1999, he also submitted an application for disability benefits.
6. The medical records form plaintiffs family physician, Dr. Deborah S. Microburst with Uwharrie Family Health Care, indicate that plaintiffs complaints on 9 October 1998 did not relate to his employment, did not relate to an auto accident, and did not relate to any other accident.
7. On 21 January 1999, plaintiffs family physician, Dr. Microburst, indicated that plaintiff was able to return to work full-time on 18 January 1999 and that she did not expect a fundamental or marked change in the future.
8. On 25 January 1999, Dr. McRoberts indicated that plaintiffs symptoms first appeared on 9 October 1998, and that this patient had never had the same or similar condition.
9. Plaintiff never returned to work for defendant-employer.
10. Defendant-carrier paid all medical expenses in conjunction with plaintiffs injury of 31 October 1997 and closed this claim by filing a Form 28B on or about 12 May 1998. The last payment for medical treatment was 25 March 1998.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to show that his medical complaints of 9 October 1998, for which he sought treatment nearly one year after his 31 October 1997 accident, were a result of that 1997 injury.
2. Plaintiff failed to show that his medical complaints of 9 October 1998 were the result of a change of condition form his original injury of 31 October 1997 as the term "change of condition is defined in N.C. Gen. Stat. 97-47.
3. Had plaintiff proven a change of condition under N.C. Gen. Stat.97-47, plaintiffs claim for additional benefits under N.C. Gen. Stat. 97-47
would be barred since he did not timely file his request for hearing.
4. Plaintiffs inability to work at any time after 9 October 1997 was not a result of his injury of 31 October 1997.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for further relief is HEREBY DENIED.
2. Each side shall pay its own costs.
This 7th day of May 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER